J-S29007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FREDERICK SMITH, | |
| Appellant | No. 729 WDA 2015 |

Appeal from the PCRA Order Entered April 14, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0002180-2013
CP-02-CR-0002182-2013

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 24, 2016**

Appellant, Frederick Smith, appeals from the post-conviction court's April 14, 2015 order denying his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant presents claims of ineffective assistance of trial counsel.  After careful review, we conclude that one of Appellant's issues requires further examination at an evidentiary hearing. Accordingly, we vacate the PCRA court's order and remand for further proceedings.

On April 28, 2014, Appellant entered a negotiated guilty plea (in two separate, but related, cases) to one count of statutory sexual assault, 18

_____

[*] Former Justice specially assigned to the Superior Court.

Pa.C.S. 3122.1(a)(2) (defendant eight years older but less than 11 years older than the complainant), and one count of conspiracy to commit intimidation of a witness, 18 Pa.C.S. §§ 903 and 4952. That same day, Appellant was sentenced to an aggregate term of 18 to 36 months' incarceration, a consecutive period of 4 years' probation, and a 25-year sex offender registration requirement under the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41. Appellant did not file a direct appeal from his judgment of sentence.

On June 23, 2014, Appellant filed a timely, *pro se* PCRA petition and counsel was appointed. Counsel filed an amended petition on Appellant's behalf in December of 2014. After the Commonwealth filed an answer to Appellant's petition, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant did not file a response, and the court issued an order on April 14, 2015, dismissing Appellant's petition. Appellant filed a timely notice of appeal, and also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court subsequently filed a Rule 1925(a) opinion.

Herein, Appellant presents three issues for our review:

1. Was plea counsel ineffective in permitting [Appellant] to enter an unintelligent and unknowing plea, for the following reasons:

A. Plea counsel failed to ensure a ruling on [Appellant's] motion *in limine* prior to entry of his plea and, as such, [Appellant] did not know whether he would be able to

- 2 -

present at trial the mistake of age defense he has clung to throughout these proceedings.

B. The colloquy failed to cover certain areas deemed mandatory for a knowing and intelligent plea, more specifically, the elements of conspiracy and intimidation of a witness, that [Appellant] had a right to trial by jury and [a] presumption of innocence and that the court was not bound by the terms of the plea agreement unless the agreement was accepted by the court.

C. The factual basis for the crime of intimidation of a witness set forth in the colloquy was inadequate and did not establish [Appellant's] guilt of the offense.

Appellant's Brief at 3.

First, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

***Commonwealth v. Johnson***, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

We also are mindful of the following legal principles applicable to a claim of counsel's ineffectiveness in the context of a guilty plea:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea.
>
> This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

***Commonwealth v. Morrison***, 878 A.2d 102, 105 (Pa. Super. 2005).

In Appellant's first claim, he contends that his plea counsel acted ineffectively by permitting him to enter his guilty plea prior to the trial court's ruling on a motion *in limine* filed by counsel. Essentially, in that motion, Appellant requested that the court permit him to present a mistake-of-age defense at trial. He argues that the court's ruling on his motion "was of great importance" to his defense, and because he entered his plea without knowing how the court would rule on that motion, his plea was unknowing and unintelligent. Appellant's Brief at 10. Thus, Appellant maintains that counsel acted ineffectively by not waiting for a ruling on the motion *in limine* before permitting Appellant to plead guilty.

In response to Appellant's argument, the Commonwealth stresses that "[A]ppellant himself stated [at the plea proceeding] that he wanted to withdraw his motion *in limine* so that he could resolve his case with a guilty plea." Commonwealth's Brief at 10. The Commonwealth then quotes the following portion of the plea hearing:

> THE COURT: [T]here was a motion with regard to the charge in the case had the case gone [to] a trial. The defense had submitted a motion *in limine* indicating the defense had a mistake of age [defense] in this case, correct?
>
> [The Commonwealth]: Yes, that motion is pending.
>
> THE COURT: At this point given the plea, [defense counsel], you have spoken with [Appellant] and he understands that I have not yet ruled on that and he would be withdrawing that motion today.
>
> [Defense Counsel]: Yes, I will request that you withdraw that motion.
>
> THE COURT: [Appellant], do you understand that, right?
>
> [Appellant]: Yes.
>
> THE COURT: And I ask that because on previous occasions you had indicated to me that you were dissatisfied with the previous attorney. Disagreed with that attorney regarding motions that were being filed and so on. So I want to make sure that you're satisfied with this plea agreement. You understand that by entering a plea you are withdrawing any motion to file, and specifically I believe that is the only motion pending at this time; do you understand that?
>
> [Appellant]: Yes.

N.T. Plea Hearing, 4/28/14, at 5-6. Additionally, later in the colloquy, the court once again referenced the outstanding motion *in limine*, reiterating that it involved Appellant's ability to raise a mistake-of-age defense. *Id.* at

17-18. The court asked if Appellant had "talked to [defense counsel] about that[,]" and if he understood that the motion had not yet been ruled on. *Id.* at 18. Appellant again indicated that he understood and that he had discussed the issue with defense counsel. *Id.*

In light of Appellant's statements at the plea proceeding, we agree with the Commonwealth that Appellant has failed to demonstrate that his plea counsel acted ineffectively regarding the motion *in limine*. The record confirms that Appellant knew about that outstanding motion, understood that it implicated his ability to present a mistake-of-age defense, had discussed the motion with defense counsel, and was choosing to withdraw it in order to plead guilty. Thus, Appellant has failed to demonstrate that counsel's act of allowing him to enter a guilty plea prior to the court's ruling on his motion *in limine* amounted to "a manifest injustice," or that his plea was "unknowing, involuntary, or unintelligent…." *Morrison*, 878 A.2d at 105.

Next, Appellant argues that "plea counsel was ineffective in allowing Appellant to enter a plea when the plea colloquy failed to cover all of the requisite areas for a knowing and intelligent plea." Appellant's Brief at 12 (unnecessary capitalization and emphasis omitted). Of particular relevance to Appellant's claim, the Comment to Pa.R.Crim.P. 590 requires the trial court to ask whether the defendant understands "the nature of the charges to which he or she is pleading guilty[,]" "that he or she has the right to trial by jury[,]" "that he or she is presumed innocent until found guilty[,]" and

"that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement[.]" Pa.R.Crim.P. 590 (Comment). Appellant argues that, here, the colloquy was deficient because the court failed to "cover the elements of either conspiracy or intimidation of a witness[,]" and also did not inform Appellant of his "right to trial by jury and that he would be presumed innocent until proven guilty beyond a reasonable doubt…." Appellant's Brief at 13. Also, Appellant maintains that the court failed to state that it was "not bound by the terms of any plea agreement tendered unless the court accept[ed] such agreement." *Id.* According to Appellant, these deficiencies in the colloquy "affect[ed] the knowing and voluntary nature of the entire plea[,]" and "plea counsel was ineffective in permitting Appellant to enter a plea of guilty in the face of the inadequate colloquy." *Id.* at 14.

In reviewing Appellant's challenge to the plea colloquy, and his related attack on counsel's effectiveness, we keep in mind that:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

> ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047
> (Pa.Super.2011) (quoting ***Commonwealth v. Fluharty***, 429
> Pa.Super. 213, 632 A.2d 312, 314–15 (1993)).

***Commonwealth v. Eichinger***, 108 A.3d 821, 832 (Pa. 2014).  Additionally, as Appellant acknowledges, "a written plea waiver form may supplement the oral colloquy" and, therefore, "an examination of both a written guilty plea rights form and the oral colloquy" is permitted when assessing the adequacy of a plea.  Appellant's Brief at 12 (citing ***Commonwealth v. Moser***, 921 A.2d 526, 529 (Pa. Super. 2007)).[1]

Having examined the totality of the circumstances of Appellant's plea, including the record of the oral colloquy and the written colloquy completed by Appellant, it is clear that the above-stated deficiencies in the colloquy did not render his plea unknowing or involuntary.  First, the written plea colloquy stated that the court was not bound by the agreement, and

_____

[1] Appellant claims, however, that the one written plea waiver form completed in this case bears only the docket number of his statutory sexual assault case and, therefore, it "cannot be attributed to the plea colloquy for the conspiracy to intimidate charge."  Appellant's Brief at 12.  We disagree. While the two charges to which Appellant pled guilty were assigned separate docket numbers, Appellant repeatedly indicated during the oral colloquy that he understood he was pleading guilty in both cases.  The court discussed the written colloquy at length during the plea proceeding, and at no point did Appellant (or plea counsel) indicate that they understood the written colloquy as pertaining only to the statutory sexual assault charge.  In any event, the written colloquy informed Appellant of his rights, and the consequences of his waiver thereof; these rights were stated generally and clearly applied to *any* guilty plea, not just to Appellant's guilty plea to the offense of statutory sexual assault.  Thus, it is reasonable to infer that Appellant believed the written colloquy applied to both charges, and that he understood that the rights and information set forth therein pertained to his guilty pleas at both docket numbers.

informed Appellant of his rights if the court rejected the plea. "Guilty Plea Explanation of Defendant's Rights," 4/28/14, at 10. The written colloquy also discussed Appellant's right to a trial by jury, *id.* at 3-4, and stated that "[i]n either the jury trial or non-jury trial before a judge, you enter the courtroom clothed with the presumption of innocence and that presumption remains with you until such time, if ever, that all the members of the jury in a jury trial or judge in a non-jury trial, would find you guilty beyond a reasonable doubt." *Id.* at 3-4. Appellant stated that he understood. *Id.*

Further, the written colloquy asked if Appellant had discussed the elements of each charged offense with defense counsel, to which Appellant answered, "yes." *Id.* at 2. Appellant also indicated that he and counsel "discussed … how the facts of [his] case prove the elements of each charged offense." *Id.* at 2. At the oral colloquy, both Appellant and plea counsel confirmed that counsel had discussed with Appellant "the elements of each offense and what the Commonwealth would have to prove and what defenses he may have." *Id.* at 15, 18, 22. Both Appellant and defense counsel indicated that Appellant understood all of the information that had been provided to him, including the elements of the offenses. *Id.* at 21, 22. Notably, Appellant did not allege in his PCRA petition, and does not argue on appeal, that plea counsel misinformed him regarding the elements of the crimes of conspiracy and/or intimidation of a witness.

In sum, even though the court failed to explicitly state the elements of conspiracy and intimidation of a witness on the record, Appellant and

counsel both confirmed that they had discussed them, and Appellant repeatedly indicated that he understood those offenses. Additionally, the other areas of inquiry that Appellant contends were improperly omitted from the oral colloquy were sufficiently discussed in the written colloquy that he signed. At the oral colloquy, counsel and Appellant confirmed that they went over the written colloquy "question by question" and that Appellant understood everything presented in that document. *Id.* at 24, 26. The totality of the circumstances surrounding the entry of Appellant's plea demonstrate that he fully understood the areas of inquiry that he now alleges were omitted from the colloquy, and that he chose to knowingly and voluntarily enter the plea. Consequently, Appellant has not proven that defense counsel acted ineffectively by permitting him to plead guilty based on these written and oral colloquies.

In Appellant's third issue, he argues that defense counsel ineffectively allowed him to plead guilty to the offense of conspiracy to commit intimidation of a witness (hereinafter, "conspiracy to intimidate") where the factual basis was insufficient to support that charge. Appellant's claim pertains only to the elements of intimidation of a witness (rather than conspiracy). That offense is defined as follows:

> **(a) Offense defined.--**A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:

(1) Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.

(2) Give any false or misleading information or testimony relating to the commission of any crime to any law enforcement officer, prosecuting official or judge.

(3) Withhold any testimony, information, document or thing relating to the commission of a crime from any law enforcement officer, prosecuting official or judge.

(4) Give any false or misleading information or testimony or refrain from giving any testimony, information, document or thing, relating to the commission of a crime, to an attorney representing a criminal defendant.

(5) Elude, evade or ignore any request to appear or legal process summoning him to appear to testify or supply evidence.

(6) Absent himself from any proceeding or investigation to which he has been legally summoned.

18 Pa.C.S. § 4952(a).

At the plea proceeding, the Commonwealth provided the following factual basis for Appellant's conspiracy to intimidate charge:

[The Commonwealth:] With regard to CC 201302180, the testimony would have been substantially that [Appellant,] while in the intake at the Allegheny County jail, placed a call to a witness the Commonwealth would have presented to testify by the name of Sebrina Malloy.

She would testify that she received that call and we would put those recordings into evidence but that [Appellant] substantially asked her to head up to the Spring Street area giving her the address, make contact with the victim's mother and ask [the mother] if they would drop the charges saying that [Appellant] was -- and asked [Malloy] to relay that [the victim] told [Appellant] that she was older than 13. That would be the sum of the Commonwealth's testimony, Your Honor.

- 11 -

N.T. Plea Hearing at 36-37.[2]

Appellant offers two arguments regarding why this factual summary was inadequate. First, he argues that these facts did not "satisfy [section 4952](a)(1), which is the subsection Appellant pleaded guilty to…." Appellant's Brief at 16. However, Appellant does not cite to where in the record it indicates that he specifically pled guilty to conspiracy to intimidate a witness, as defined in 4952(a)(1). Our review of the criminal information reveals that the Commonwealth did **not** specify what subsection of section 4952 Appellant conspired to commit, and alleged facts that would support a conviction under *either* 4952(a)(1) *or* (a)(3).[3] Thus, the record belies

_____

[2] At another point during the plea proceeding, the Commonwealth stated the facts underlying Appellant's conspiracy to intimidate charge, as follows:

> [The Commonwealth]: [S]hortly after being arrested, [Appellant] made a phone call to his then girlfriend who was charged as a co-defendant in this case. Her name was Sebrina Malloy.
>
> He asked that she go up to the victim's mother and explain that he was told that the victim was 18 and requested they drop the charges. That did in fact happen and we have jail tapes wherein Ms. Malloy can be heard on the jail tapes approaching that address. The victim's mother then proceeded to assault Ms. Malloy for even knocking on her door. The Commonwealth's position on that is it was clearly [Appellant's] intent that she do something with the charges.

N.T. Plea Proceeding at 4.

[3] **See** Criminal Information, 3/15/13, at 1 (stating that Appellant, "with the intent of promoting or facilitating the crime(s) of Intimidation of a Witness and/or Victim conspired and agreed with Sabrina Malloy that they or one or more of them would engage in conduct constituting such crime(s) or attempt or solicitation to commit such crime(s), and in furtherance thereof
*(Footnote Continued Next Page)*

Appellant's argument that the factual basis had to be adequate to support a conviction of conspiracy to intimidate, as defined **only** by section 4952(a)(1). Appellant offers no argument that the factual basis was insufficient to demonstrate (a)(3), other than baldly stating the facts did not prove "any of the other subsections" of section 4952. Appellant's Brief at 16. Appellant's underdeveloped argument does not convince us that plea counsel acted ineffectively by allowing him to plead guilty to the conspiracy to intimidate charge.

In Appellant's second claim pertaining to the factual basis to support his conspiracy to intimidate charge, he alleges that the elements of an offense under section 4952 "require a person to intimidate or attempt to intimidate a person." *Id.* at 17. Appellant goes on to argue that the above-stated factual summary fails to prove this element because "[t]he Commonwealth's summary does not establish an explicit or implicit threat, coercion, or inducement to act or refrain from acting." *Id.* Appellant adopts his definition of "intimidation" from this Court's decision in **Commonwealth v. Brachbill**, 527 A.2d 113, 116 (Pa. Super. 1987) ("**Brachbill I**") (stating "the dictionary definition of 'intimidate' ... is any '(u)nlawful coercion; extortion; duress (or) putting in fear" and "'to compel or deter by or as if by

_(Footnote Continued)_ ─────────────────────

committed one or more of the following overt acts: harassed [the witness] at her residence in an attempt to persuade [her] **not to testify and/or file charges against**" him) (emphasis added).

- 13 -

threat'") (citations omitted). However, the portion of **Brachbill I** relied upon by Appellant set forth the *dictionary* definition of the word "intimidation"; we were not expressly holding that that definition was the one contemplated by the legislature when using the word "intimidation" in section 4952.

Moreover, our Supreme Court vacated this Court's decision in **Brachbill I** in **Commonwealth v. Brachbill**, 555 A.2d 82 (Pa. 1989) ("**Brachbill II**"), and **Brachbill II** was recently disapproved of by **Commonwealth v. Doughty**, 126 A.3d 951 (Pa. 2015). In **Doughty**, our Supreme Court held that pecuniary inducement, alone, is insufficient to convict a defendant under section 4952. While the **Doughty** Court did not provide an explicit definition of 'intimidation' as used in section 4952, it did clarify that,

> intimidation may be accomplished with no words at all, for a mere look or posture can bully, threaten, coerce, frighten, or intimidate beyond question. **See, e.g.,** Clint Eastwood. It is equally true that an offer of benefit can be presented in such a Machiavellian manner as to contain an unarticulated act of intimidation. **See, e.g.,** The Godfather (Paramount Pictures 1972) ("I'm gonna make him an offer he can't refuse."). Indeed, one need not go to the movies to understand that people may purposely intimidate in any number of ways, without manifesting bullying or fearsome words, and if they do so with the requisite *mens rea,* the crime is made out.

**Doughty**, 126 A.3d at 957.

Here, we disagree with Appellant to the extent he relies on **Brachbill I** to suggest that the factual summary underlying his conspiracy to intimidate

- 14 -

offense was inadequate because it did not demonstrate that he implicitly or explicitly threatened the witness. However, ***Doughty*** clearly supports Appellant's general contention that "the elements of the offense [of intimidation of a witness] require a person to intimidate or attempt to intimidate a person." Appellant's Brief at 17; ***Doughty***, 126 A.3d at 957. The factual summary provided by the Commonwealth in this case established that Appellant called Ms. Malloy and asked her to go to the victim's house to request that the victim's mother 'drop the charges,' and explain to the victim's mother that the victim told Appellant she was older than 18. Nothing on the face of this factual summary demonstrates that Appellant intended that Ms. Malloy intimidate the victim's mother when making these requests. Moreover, the victim's mother clearly was not intimidated by Ms. Malloy, as she assaulted Ms. Malloy on her doorstep. Accordingly, we find arguable merit in Appellant's contention that the factual summary was inadequate to prove the intimidation element of the crime of conspiracy to intimidate.

We recognize that at the plea proceeding, defense counsel remarked that he "believe[d] … the intimidation could be that a jury could find … that merely sending someone to the house is truly intimidation." N.T. Plea Hearing at 19. However, we can find no case law addressing the question of whether 'sending someone' to a witness' home would alone be sufficient to prove intimidation. Moreover, because the PCRA court did not conduct a hearing, we do not have any explanation for counsel's belief, nor the ability

to assess the reasonableness thereof.[4]  We also point out that in its opinion, the PCRA court did not address Appellant's claim that the Commonwealth's factual summary failed to establish intimidation, despite that Appellant raised that argument in his Rule 1925(b) statement.  For these reasons, we cannot assess the reasonable basis or prejudice prongs of Appellant's ineffectiveness claim on the record as it currently stands.

Therefore, we vacate the PCRA court's order denying Appellant's petition and remand for an evidentiary hearing limited to the issue of whether counsel acted ineffectively by permitting Appellant to plead guilty to conspiracy to intimidate where the Commonwealth's factual summary was arguably inadequate.

Order vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.

_____

[4] For instance, counsel may have reviewed the discovery and had knowledge of facts bolstering a conclusion that Appellant intended to intimidate the victim's mother by sending Ms. Malloy to her home.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2016