IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT
**SAYLOR, C.J., EAKIN, BAER, TODD, STEVENS, JJ.**

COMMONWEALTH OF PENNSYLVANIA, : No. 120 MAP 2014
:
            Appellee : Appeal from the Order of the Superior
: Court dated March 26, 2014 at No. 998
: MDA 2013 Affirming the Judgment of
            v. : Sentence of the Cumberland County Court
: of Common Pleas, Criminal Division,
: entered May 7, 2013 at No.
JASON ANDREW DOUGHTY, : CP-21-CR-2182-2012.
:
            Appellant : ARGUED: April 7, 2015

## OPINION

**MR. JUSTICE EAKIN**                    **DECIDED: November 18, 2015**

Appellant appeals the decision of the Superior Court affirming his conviction under 18 Pa.C.S. § 4952 for intimidation of a witness, requesting we overrule or clarify Commonwealth v. Brachbill, 555 A.2d 82 (Pa. 1989).

On June 30, 2012, while arguing with his wife, appellant struck her, knocked her to the ground, and attempted to force her back into their home; she escaped and drove to the police station. Police charged appellant with harassment and simple assault. While in prison awaiting his preliminary hearing, appellant tried to call his wife multiple times; she did not answer because the calls upset her. On July 14, 2012, appellant called his father, who called appellant's wife on a separate phone and relayed appellant's statements to her, establishing a three-way call on the two phones. Appellant insisted his wife tell the magistrate she would not testify, that she made a mistake, and that she caused her own injuries. If she failed to do so, appellant stated he would go to jail for two

years, starve, and lose everything.   He also told her that she must comply for the sake of their marriage, which he repeatedly described as "priceless."   Prison Recording, Commonwealth's Exhibit 4, at 13:39-14:45.   Appellant stated that if his wife was charged with making false statements, he would pay her fines.   Two days later, she told police she no longer wished to press charges.   See N.T. Hearing, 3/19/13, at 170-71.

In light of the phone call, the Commonwealth charged appellant with intimidation of a witness under 18 Pa.C.S. § 4952.   A jury convicted appellant of simple assault and intimidation of a witness, and the trial court convicted him of harassment.   He was sentenced to an aggregate term of 33 to 66 months imprisonment.

Appellant challenged the sufficiency of the evidence for the intimidation conviction. In particular, he argued the Commonwealth failed to prove the element of intimidation, as his wife testified she was not intimidated during the three-way conservation, see N.T. Hearing, 3/19/13, at 138, and there was no evidence he attempted to intimidate her.   The trial court disagreed, concluding sufficient evidence existed to prove the attempt to intimidate.   The court noted appellant "berated his wife, directly and indirectly, to not testify" and stated "there [was] simply no other way to parse [appellant's] words or his invective."   Trial Court Opinion, 7/30/13, at 4-5.

Before the Superior Court, appellant conceded he tendered a pecuniary benefit by offering to pay potential fines, but he asserted such a fact related only to grading under 18 Pa.C.S. § 4952(b), and did not comprise intimidation under subsection (a).   The court rejected this sufficiency claim, interpreting it as a functional request to overrule Brachbill. Commonwealth v. Doughty, No. 998 MDA 2013, unpublished memorandum at 6 (Pa. Super. filed March 26, 2014) ("[O]ur Supreme Court has held that an individual violates [§] 4952(a) even where 'the Commonwealth's evidence only established inducements and did not prove any threats or attempts of coercion.'" (emphasis in original) (quoting

Brachbill, at 85)).   Recognizing it was bound by Brachbill, the Superior Court affirmed the intimidation conviction.   Id., at 7.   We granted allocatur to determine whether Brachbill "should be partially overturned[] or clarified so that it isn't in conflict with the plain language reading of 18 Pa.C.S.[] § 4952 and in conflict with the well[-]recognized rule of statutory construction that penal statutes must be strictly construed."   Commonwealth v. Doughty, 101 A.3d 1150 (Pa. 2014) (per curiam) (alterations in original).

In relevant part, 18 Pa.C.S. § 4952 provides:

(a) Offense defined.—A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:

\* \* \*

(3) Withhold any testimony … relating to the commission of a crime from any law enforcement officer, prosecuting official or judge.

\* \* \*

(b) Grading.—

(1) The offense is a felony of the degree indicated in paragraphs (2) through (4) if:

(i) The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person.

(ii) The actor offers any pecuniary or other benefit to the witness or victim or, with the requisite intent or knowledge, to any other person.

(iii) The actor's conduct is in furtherance of a conspiracy to intimate a witness or victim.

> (iv) The actor accepts, agrees or solicits another to accept any pecuniary or other benefit to intimidate a witness or victim.
>
> \*       \*       \*
>
> (4) The offense is a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.
>
> (5) Otherwise the offense is a misdemeanor of the second degree.

18 Pa.C.S. § 4952(a)(3), (b)(1)(i)-(iv), (b)(4)-(5).

Appellant avers courts, pursuant to Brachbill, are convicting where only the mens rea and a grading provision are present, without requiring proof of intimidation. See Appellant's Brief, at 11 ("'The Pennsylvania Supreme Court clarified that any offer of benefit … violates the statute even if unaccompanied by … intimidation[.]'" (omissions in original) (quoting Commonwealth v. Lynch, 72 A.3d 706, 710 (Pa. Super. 2013) (en banc))). Thus, appellant claims intimidation has been read out of subsection (a), which leads to the "absurd" result that "'[a]ny offer' will do" to support a conviction. Id. (quoting Lynch, at 710). Appellant argues, under Brachbill, courts are treating § 4952(b)(1)(ii) as a "super element" which constitutes proof of intimidation under § 4952(a). Id., at 10. As 18 Pa.C.S. § 4952(a) requires intimidation or an attempt to intimidate, appellant posits such an interpretation conflicts with the plain language of the statute and the rule of lenity, which provides penal statutes are to be strictly construed. See 1 Pa.C.S. § 1928(b)(1). Appellant submits that Brachbill, despite referencing the rule of lenity and that statutory terms are to be given their ordinary meanings, ignored both notions, as evidenced by the statement "'it is nevertheless clear that the legislature intended to proscribe … any offers of benefit with the'" applicable mens rea. Appellant's Brief, at 9-10 (omission and emphasis in original) (quoting Brachbill, at 86). He further notes the legislature meant to give a narrow meaning to intimidation since 18 Pa.C.S. § 4952's predecessor, id., § 4907

(repealed),[1] used the broader term "induce," id.   Accordingly, appellant posits Brachbill's holding that mere inducements may satisfy intimidation under subsection (a) "tortur[es] the English language[.]"   Appellant's Brief, at 10.

The Commonwealth asserts it is unnecessary to overrule Brachbill because rather than abolishing the need to prove intimidation, Brachbill simply "describes the intent for and manner in which one can be intimidated[.]"   Commonwealth's Brief, at 10 (emphasis omitted).   The Commonwealth posits the pecuniary benefit provision does not replace the need to prove intimidation but instead stands for the proposition § 4952(a) is not limited to overtly threatening acts, and that Lynch reaffirmed this notion.   Observing appellant selectively quoted Lynch, the Commonwealth submits Lynch merely clarified the type of intimidation "need not be of the bodily harm type."   Id., at 9.   As to appellant's claim that "any offer will do[,]" Appellant's Brief, at 11, the Commonwealth highlights Lynch specifically rejected such an assertion, Commonwealth's Brief, at 9 ("'[A]n offer of

---

[1] The repealed statute provided in relevant part:

(a) Offense defined.—A person commits an offense if, believing that an official proceeding or investigation is pending or about to be instituted, he attempts to induce or otherwise cause a witness or informant to:

(1) testify or inform falsely;

(2) withhold any testimony, information, document or thing except on advice of counsel;

(3) elude legal process summoning him to testify or provide evidence; or

(4) absent himself from any proceeding or investigation to which he has been legally summoned.

Act of December 6, 1972, No. 334, § 4907, 1972 Pa. Laws 1557 (repealed) (emphasis added).

benefits may be so vague, incredible, or frivolous on its face that it necessarily fails to constitute the criminal act proscribed[.]'" (quoting Lynch, at 710)).

The Commonwealth argues it proved intimidation here since the totality of the circumstances, in particular appellant's history of abusive conduct, reveal appellant's wife was "being intimidated with the loss of her existing livelihood." Id., at 11 (emphasis omitted). It suggests appellant's pecuniary offer "served only as a vehicle for [appellant] to remind [his wife] of the underlying violence that w[ould] be visited upon her if she d[id] not comply with his demands." Id. The Commonwealth further notes appellant previously told his wife he would kill her and used a racial epithet when she attempted to leave the house and call the police. The Commonwealth avers that, viewed through this prism, appellant's statements during the three-way conversation take on a threatening character that constitutes "textbook intimidation." Id., at 13.

Amicus curiae, the Pennsylvania District Attorneys Association, argues this Court is barred from revisiting Brachbill since Brachbill was decided upon legislative-intent grounds and thus Brachbill's interpretation became part of the act. See Commonwealth v. Shaffer, 734 A.2d 840, 844 (Pa. 1999) ("[O]ur interpretation [of a statute's legislative intent] bec[o]me[s] a part of the legislation from the date of enactment."). Amicus suggests further statutory construction is prohibited because an alleged error as to legislative intent may "'only be remedied prospectively'" by the legislature via amendment. Amicus Brief, at 6 (quoting Shaffer, at 844). Amicus contends reinterpreting a statute would raise separation-of-powers concerns. Id., at 14 (citing Kendrick v. Dist. Attorney of Phila., 916 A.2d 529, 540 (Pa. 2007)). Moreover, as Brachbill was decided 25 years ago without subsequent legislative modification, amicus posits Brachbill's interpretation is presumed correct and further statutory interpretation is prohibited.

While the doctrine of stare decisis is important, it does not demand unseeing allegiance to things past. See Tincher v. Omega Flex, Inc., 104 A.3d 328, 352 (Pa. 2014) (citations omitted); O.W. Holmes, The Path of the Law, 10 Harv. L. Rev. 457, 469 (1897) ("It is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV.   It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past.").   In cases resolved upon statutory interpretation, stare decisis does implicate greater sanctity because the legislature can prospectively amend the statute if it disagrees with a court's interpretation.   See Shambach v. Bickhart, 845 A.2d 793, 807 (Pa. 2004) (Saylor, J., concurring) ("[S]tare decisis has 'special force' in matters of statutory … construction[] because … the legislat[ure] is free to correct any errant interpretation of its intentions[.]").

Although this Court has been mindful of the distinct status afforded precedent based upon statutory interpretation, see Kendrick, at 540; Shambach, at 807, we are never per se barred from reconsidering such cases.   Amicus cites Kendrick and Shaffer to suggest only the legislature can clarify the result of a decision interpreting a decision, but this argument would prevent an appellate court from ever reconsidering such precedent.   That is, taken to its logical conclusion, amicus's argument would effectively abolish stare decisis in favor of a bright-line rule prohibiting reconsideration of statutory precedent.   In contrast, stare decisis inherently accounts for the separation-of-powers concern by erecting a high standard needed to overrule statutory precedent.   See Shambach, at 807.   With this in mind, we move to Brachbill and its progeny.

In Brachbill, two prison guards abused an inmate, who told prison officials, also indicating they attempted to deter him from reporting their misconduct.   After the inmate's release, the guards again tried to dissuade him from speaking with authorities,

requesting he call them every day and offering to pay for the phone calls. One of the guards told the inmate not to speak with police, gave him money, and offered to take his family to dinner. The guards were convicted of intimidation under 18 Pa.C.S. § 4952. On appeal to this Court, they argued the evidence was insufficient because no evidence was presented that they threatened the inmate, asserting the courts below erroneously viewed the terms "intimidate" and "induce" as interchangeable. Since the prior version of the intimidation statute used the term "induce[,]" 18 Pa.C.S. § 4907 (repealed), the guards averred the legislature did not intend to use "induce" and "intimidate" interchangeably in § 4952.

This Court affirmed the convictions, concluding this argument "totally ignore[d]" subsection (b). Brachbill, at 85. The Court opined "although [§] 4952(a) uses the word 'intimidates' and not the former[,] broader term 'induce,' it is nevertheless clear that the legislature intended to proscribe … any offers of benefit with the intent to 'obstruct, impede, impair, prevent or interfere with the administration of criminal justice[.]'" Id., at 85-86. As to the rule of lenity, the Court noted "a rule of construction may never be permitted to give a restrictive meaning to [terms] where the clear language of the text … indicates otherwise." Id., at 86. In the Court's view, accepting the guards' argument would have required it to disregard the plain text of 18 Pa.C.S. § 4952(b)(2).[2] Brachbill, at 86.

In Lynch, the appellant brutally beat his girlfriend, the mother of his children. While in prison, the appellant called and wrote the victim, asking her to drop the charges or refuse to testify. Although the victim was not intimidated by the contact, the trial court

---

[2] Section 4952(b) was amended in 2001, resulting in a renumbering of the grading provisions, but not their text. Under the present statute, Brachbill's reference to paragraph (b)(2) actually refers to subparagraph (b)(1)(ii). Compare 18 Pa.C.S. § 4952(b)(1)(ii), with Act of December 4, 1980, No. 187, § 4952(b)(2), 1980 Pa. Laws 1098.

"'inferred from the surrounding circumstances[,]'" the appellant intended to intimidate her. Lynch, at 709 (quoting Trial Court Opinion, 6/8/11, at 2-3). On appeal, the appellant argued the evidence was insufficient because his communications were not threatening. Writing for the Superior Court en banc, then-President Judge Stevens noted that, given the nature of domestic abuse, a "plea for compassion" by an abusive partner may, "without more, qualify as 'intimidation.'" Id., at 710. Notwithstanding this suggestion, the majority concluded such an examination was unnecessary since the appellant's letter "communicate[d] a clear offer of pecuniary and other benefit[.]" Id. In particular, the court determined the appellant "offer[ed] … improved household stability and financial support [in the form of a tax refund] for her and their children[.]" Id., at 711. In the court's view, the letter "specifically targeted a parent's basic drive to meet childcare needs." Id. Remarking Brachbill "clarified that any offer of benefit with such intent violates the statute even if unaccompanied by threats or overt intimidation[,]" the Lynch majority held the appellant's conduct fell within § 4952. Id., at 710-11.

In dissent, Judge Bender, joined by Judges Donohue and Wecht, stated the evidence demonstrated only begging and pleading — "the antithesis of intimidation." Id., at 712 (Bender, J., dissenting). The dissent underscored that neither the trial court nor the Commonwealth cited the pecuniary benefit provision, id., at 712-13, and criticized the majority for implying "any offer of benefit" would suffice, noting an offer must be pecuniary in nature, given the statute's text and the rule of lenity, id., at 714. Hence, despite the fact that previous cases had "already stretched the text of the [witness intimidation] statute to the outermost limits of reason[,]" the dissent opined "[t]he bar ha[d now] been set so low … a prosecutor need only trip over it to satisfy the [m]ajority." Id., at 715.

As noted supra, Brachbill was decided on statutory-interpretation grounds, and a strong presumption weighs against overruling it. See Shambach, at 807. Yet, as

mentioned by the dissent in <u>Lynch</u>, <u>Brachbill</u> placed its perception of legislative purpose above the language of the criminal statute. In § 4952, the elements of the crime are complete within subsection (a); subsection (b) deals with penalty, not elements of the crime itself. However, while findings relevant to penalty do not replace elements of the crime, the former may reflect that a broader interpretation of the latter is appropriate. Thus, it is true the Court in <u>Brachbill</u> gave short shrift to the fact the legislature replaced the broader term "induce" with the narrower term "intimidate," and based its holding primarily on purpose gleaned from grading provisions. It is also true the Court rejected the argument that overt intimidation was necessary, as inducement enumerated in (b) was recognized by the legislature as a potential component of intimidation under subsection (a). <u>See</u> <u>Brachbill</u>, at 85-86.

Clearly, intimidation may be accomplished with no words at all, for a mere look or posture can bully, threaten, coerce, frighten, or intimidate beyond question. <u>See</u>, <u>e.g.</u>, Clint Eastwood. It is equally true that an offer of benefit can be presented in such a Machiavellian manner as to contain an unarticulated act of intimidation. <u>See</u>, <u>e.g.</u>, The Godfather (Paramount Pictures 1972) ("I'm gonna make him an offer he can't refuse."). Indeed, one need not go to the movies to understand that people may purposely intimidate in any number of ways, without manifesting bullying or fearsome words, and if they do so with the requisite <u>mens</u> <u>rea</u>, the crime is made out.

Given the interpretations in the Superior Court's precedent, we find it appropriate to clarify <u>Brachbill</u>'s parameters. To be clear, <u>Brachbill</u> did not vitiate the need to prove intimidation. Rather, it disagreed with the appellants' argument that the statute requires "threats or attempts of coercion." <u>Brachbill</u>, at 85. Where <u>Brachbill</u> goes awry is in suggesting a pecuniary benefit, in and of itself, comprises intimidation. Such an inducement may or may not intimidate, but the legislature replaced the element of

inducement with the element of intimidation. The legislature did not state that inducements cannot suffice to constitute intimidation; it said the opposite.

Brachbill did not abolish the Commonwealth's need to prove intimidation. Whether an offer of a pecuniary or other benefit contains sufficient indicia of intimidation is to be determined by the fact finder and assessed under the totality of the circumstances, cognizant that proof of manifest threats is not required. Insofar as Brachbill is read to mean pecuniary inducement alone will suffice without proof of intimidation, it is disapproved. While understandable, to the extent the Superior Court relied on Brachbill to find intimidation is not needed to satisfy a conviction under 18 Pa.C.S. § 4952, see Doughty, at 6-7, we hold the court erred.

Despite clarifying Brachbill, we see no need to remand to the Superior Court to review the sufficiency of the evidence; as the jury was properly instructed and found intimidation, additional fact finding is unnecessary. See Commonwealth v. Edmiston, 65 A.3d 339, 357 (Pa. 2013) (declining to remand where further fact finding was unnecessary). In reviewing claims challenging the sufficiency of the evidence, our standard of review is well settled:

> [W]e examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

Commonwealth v. Mattison, 82 A.3d 386, 392 (Pa. 2013) (internal citation omitted).

Here, the transcript reveals the jury was properly instructed that intimidation was a necessary element of 18 Pa.C.S. § 4952, proof of which was required for conviction. N.T. Hearing, 3/19/13, at 185. Moreover, alluding to the prison recording, the trial court pointed out that appellant "berated his wife, directly and indirectly, to not testify[.]" Trial Court Opinion, 7/30/13, at 4. Although, as noted by the dissent in Lynch, one may

choose to interpret the cold record of appellant's words as demonstrating mere pleading and begging, our standard of review requires us to view the evidence in the light most favorable to the Commonwealth. <u>Mattison</u>, at 392. Given appellant's history of threatening behavior toward his wife, <u>see</u> N.T. Hearing, 3/18/13, at 58 ("[H]e said if I ever tried to leave him he'd kidnap me and chain me into a basement, or … kill [me]."), and "invective" during the prison recording, Trial Court Opinion, 7/30/13, at 4, we agree there was sufficient evidence for the jury to find appellant attempted to intimidate his spouse. Accordingly, we affirm appellant's conviction under 18 Pa.C.S. § 4952.

Order affirmed; jurisdiction relinquished.

Mr. Justice Baer, Madame Justice Todd and Mr. Justice Stevens join the opinion.

Mr. Chief Justice Saylor files a concurring opinion.