J-S75013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DARRELL HUNTER | |
| Appellant | No. 416 EDA 2015 |

Appeal from the Judgment of Sentence January 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003045-2014
CP-51-CR-0003048-2014

BEFORE: BOWES, MOULTON AND MUSMANNO JJ.

MEMORANDUM BY BOWES, J.: **FILED OCTOBER 19, 2016**

Darrell Hunter appeals from the judgment of sentence of eight to sixteen years incarceration, plus ten years reporting probation, imposed following his conviction for intimidation of a witness or victim ("Intimidation") and terroristic threats at action number 3045-2014, and burglary, terroristic threats, and simple assault at action number 3048-2014. We affirm.

Appellant's charges stem from an altercation between him and the mother of his three daughters, Nikkisha Whitfield, on January 13, 2014. Appellant and Ms. Whitfield had arranged for Appellant to spend time with his daughters and Ms. Whitfield's oldest son while she was absent from her

home. When Ms. Whitfield left for the afternoon, Appellant was already waiting outside her house. He followed Ms. Whitfield to her bus stop, but did not get on the bus with her. Ms. Whitfield sensed Appellant was angry at that time.

When Ms. Whitfield returned home on the bus four or five hours later, Appellant was waiting for her at the bus stop. Perceiving that Appellant's anger had intensified in the interim, Ms. Whitfield decided to go to a neighborhood bar, deeming it safer to be in a crowd. Appellant followed Ms. Whitfield to the bar, and began drinking and making angry threats to other patrons. As a result of Appellant's behavior, Ms. Whitfield decided to exit the bar through its back door. She returned home using an alleyway running behind her house. As Ms. Whitfield entered her backyard, Appellant emerged from the backdoor of her house and physically assaulted her, causing injuries to her face, ribs, arms, elbow, and knee. When one of the children opened the backdoor, Appellant fled.

Ms. Whitfield entered her house, barricaded the backdoor with a chair, and directed her daughter to call the police. While the police were standing on Ms. Whitfield's front porch, Appellant attempted to enter the house through the barricaded backdoor. With his body halfway into the house, Appellant threatened and attempted to harm Ms. Whitfield and their children. He fled when police officers began pursuit. Following a short chase, Appellant was apprehended and arrested.

Later that evening, Ms. Whitfield contacted police to report that Appellant had called her from a telephone located in the cell where he was being held, and again threatened her and the children. She stated that Appellant was on the other line at that moment, and when an officer investigated, Appellant was indeed using the telephone in the holding cell. Over the next four months, while he was awaiting trial on the charges arising from his assault on Ms. Whitfield, Appellant continued to contact Ms. Whitfield, both over the phone and via letters. In these communications, he threatened Ms. Whitfield, entreated her to either drop the charges or refuse to testify in court, and offered her money in exchange for doing so.

Following a bench trial, Appellant was convicted of the abovementioned crimes. He filed a timely appeal and complied with the court's order to file a Rule 1925(b) statement of errors complained of on appeal. The court then authored its Rule 1925(a) opinion, and this matter is ready for our consideration. Appellant raises a single issue for our review: "Was not the evidence insufficient for conviction on the charge of witness intimidation?" Appellant's brief at 3.

In reviewing claims challenging the sufficiency of the evidence, our standard of review is well-settled:

> [W]e examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a

reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

***Commonwealth v. Doughty***, 126 A.3d 951, 958 (Pa. 2015).

Appellant contends there was insufficient evidence to convict him of intimidation as defined by 18 Pa.C.S. § 4952. In pertinent part, 18 Pa.C.S. § 4952 states:

(a) Offense defined. – A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:

   (1) Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.

   (2) Give any false or misleading information or testimony relating to the commission of any crime to any law enforcement officer, prosecuting official or judge.

   (3) Withhold any testimony, information, document or thing relating to the commission of a crime from any law enforcement officer, prosecuting official or judge.

   (4) Give any false or misleading information or testimony or refrain from giving any testimony, information, document or thing, relating to the commission of a crime, to an attorney representing a criminal defendant.

   (5) Elude, evade or ignore any request to appear or legal process summoning him to appear to testify or supply evidence.

> (6) Absent [herself] from any proceeding or investigation to which [she] has been legally summoned.
>
> (b) Grading.—
>
> (1) The offense is a felony of the degree indicated in paragraphs (2) through (4) if:
>
> * * *
>
> (ii) The actor offers any pecuniary or other benefit to the witness or victim, or with the requisite intent or knowledge, to any other person.

18 Pa.C.S. § 4952(a) and (b)(1)(ii).

Appellant asserts that proof of actual or attempted intimidation is a necessary element to convict a person of intimidation, and other forms of inducement are not sufficient to sustain such a conviction. Furthermore, he argues that the evidence offered at trial failed to substantiate that he acted with intent to intimidate Ms. Whitfield. He maintains that any threats he made to Ms. Whitfield were generalized threats, and not intended to deter her from testifying. Similarly, later communications shared between the two did not contain any threats or attempted threats aimed at preventing Ms. Whitfield from appearing in court. Thus, Appellant concludes, the trial court erred in finding otherwise, and his conviction for intimidation should be vacated.

Our Supreme Court examined the requirements for convicting an individual for intimidation in **Doughty**, **supra**. Doughty was charged with

intimidation following a domestic dispute wherein he physically assaulted his wife. Following his arrest, he attempted to call his wife multiple times, but she did not answer the telephone since talking to him upset her. Doughty then employed his father to set up a three-way conversation. During that conversation, Doughty insisted that his wife not testify against him and instructed her to claim she made a mistake. He also informed her that if she did testify he would "go to jail for two years, starve, and lose everything," invoked the sanctity of their marriage, and promised to pay any fines she incurred if she was charged with making false statements. **Doughty**, **supra** at 952. As a result of this communication, the Commonwealth charged Doughty with intimidation, of which he was ultimately convicted.

On appeal, Doughty challenged the sufficiency of the evidence for his intimidation conviction, asserting the Commonwealth failed to prove the element of intimidation since his wife testified that she was not intimidated by the phone call, and there was no other evidence of intimidation. Relying on **Commonwealth v. Brachbill**, 555 A.2d 82 (Pa. 1989), this Court rejected Doughty's sufficiency claim, holding that "an individual violates [§] 4952(a) even where 'the Commonwealth's evidence only established **inducements** and did not prove any threats or attempts or coercion.'" **Id**. at 953 (quoting **Brachbill**, **supra** at 85) (emphasis in original). Our Supreme Court granted allocatur in **Doughty** to clarify the holding in **Brachbill**.

The High Court found that **Brachbill** did not negate the need to prove intimidation in favor of mere inducements. **Id**. at 957. However, it reasoned that intimidation could be "accomplished with no words at all," or that "an offer or benefit [could] be presented in such a Machiavellian manner as to contain an unarticulated act of intimidation." **Id**. The Supreme Court established that "[w]hether an offer of a pecuniary or other benefit contains sufficient indicia of intimidation is to be determined by the fact finder and assessed under the totality of the circumstances, cognizant that proof of manifest threats is not required." **Id**. Hence, the Supreme Court overruled **Brachbill**, "insofar as [it] is read to mean pecuniary inducement alone will suffice without proof of intimidation[.]" **Id.**

Instantly, Appellant concedes he "angrily called [Ms. Whitfield] and made threatening remarks" shortly after his arrest. Appellant's brief at 8. Furthermore, he admits that he asked her to refrain from attending court in later conversations. **Id**. Ms. Whitfield testified that Appellant sent her threatening and hostile letters. N.T. Trial, 10/29/14, at 27. Within these communications, Appellant asked Ms. Whitfield to "clear this up . . . for our children." Commonwealth's Exhibit 10c. He insisted that Ms. Whitfield drop the charges and inform the District Attorney's office that she had "made a mistake." **Id**. Appellant advised Ms. Whitfield that he would be coming into some money due to a lawsuit, and promised her that if she dropped the charges he would "make sure your [sic] good." **Id**.

In recorded prison conversations, Appellant echoed these same implorations, promising Ms. Whitfield that if she dropped the charges then "as soon as I get out I can give you the money so you can get, get another . . . house or apartment[.]" Commonwealth's Exhibit 11a, 2/15/14. Furthermore, he asked Ms. Whitfield to "go down there and drop these charges . . . for my kids." ***Id***.

The Pennsylvania Supreme Court clarified in ***Doughty***, ***supra***, that the polestar of a conviction for intimidation is not necessarily actual or attempted threats to a witness or victim. Rather, the courts view the totality of the circumstances to determine whether a threat, attempted threat, or inducement contains "sufficient indicia of intimidation." ***Doughty***, ***supra*** at 957. Here, Appellant perpetrated a brutal and unprovoked assault upon Ms. Whitfield. Viewing Appellant's numerous, subsequent interactions with Ms. Whitfield in the light most favorable to the Commonwealth as the verdict winner, we find sufficient evidence that his threats, pleas, and pecuniary inducements were performed with the intent to, or knowledge that, his conduct would obstruct, impede, impair, prevent or interfere with the administration of criminal justice: *i.e.*, that Appellant actions were intended to convince Ms. Whitfield to withhold testimony or to fail to appear at Appellant's trial. Hence, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2016