J-S29014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC ROBERT FARROW | : | |
| | : | |
| Appellant | : | No. 3946 EDA 2017 |

Appeal from the Judgment of Sentence March 21, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009039-2015


BEFORE:   PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

JUDGENT ORDER BY PANELLA, J.          **FILED SEPTEMBER 17, 2018**

Eric Robert Farrow used a ruse to lure his ex-girlfriend back to her home. When she arrived, she found Farrow sitting on her bed. Alarmed, she ran out of the room and called 911. Farrow followed and accosted her in the kitchen, strangling her. The victim collapsed onto the floor and Farrow continued strangling her. While doing so, he either said, "You are going to die before the cops get here," or "I am going to kill you before the cops get here…." As Farrow strangled her, the victim thought to herself, "I am going to die." The attack stopped only when the victim's mother heard the commotion in the kitchen and intervened. Police arrived and arrested Farrow. And a jury later convicted him of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1).

On appeal, Farrow argues the Commonwealth failed to prove he had the specific intent to inflict serious bodily injury on the victim. We disagree.

In considering this claim,

_____
* Former Justice specially assigned to the Superior Court.

> [w]e examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

*Commonwealth v. Doughty*, 126 A.3d 951, 958 (Pa. 2015) (citation omitted). "A sufficiency challenge is a pure question of law." *Commonwealth v. Jacoby*, 170 A.3d 1065, 1076 (Pa. 2017) (citation omitted). Our standard of review is *de novo* and our scope of review is plenary. *See id*.

A person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another…." 18 Pa.C.S.A. § 2702(a)(1). "An attempt under Subsection 2702(a)(1) requires some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury." *Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa. Super. 2012) (citation omitted).

It is the requisite intent that is at issue in this appeal. "A person acts intentionally with respect to a material element of an offense when ... it is his conscious object to engage in conduct of that nature or to cause such a result[.]" *Id*. (brackets in original; citation omitted). Intent concerns a subjective frame of mind. *See id*. "The intent to cause serious bodily injury may be proven by direct or circumstantial evidence." *Commonwealth v. Jackson*, 955 A.2d 441, 446 (Pa. Super. 2008).

We examine the totality of the circumstances to determine whether a defendant, convicted under the attempt provision of § 2702(a)(1), possessed the intent to inflict serious bodily injury. *See Commonwealth v. Matthew*, 909 A.2d 1254, 1258 (Pa. 2006); *Commonwealth v. Alexander*, 383 A.2d 887, 889 (Pa. 1978). Pertinent here, when looking at the totality of the circumstances, we consider any statements Farrow made during the attack that would indicate an intent to inflict injury upon the victim. *See id*.; *Jackson*, 955 A.2d at 446.

Here, we have little difficulty finding the Commonwealth presented sufficient evidence to prove Farrow acted with the intent to cause serious bodily injury. He lured the victim to her home under false pretenses by telling her, through text message, using her mother's cellphone, that her mother had had a heart attack. He waited in her bedroom. And when the victim arrived home, he strangled her after she attempted to flee from his presence. While he strangled her, as she was on the floor, he told her either "You are going to die before the cops get here," or "I am going to kill you before the cops get here…." N.T., Trial, 9/27/16, at 88. During the strangulation, the victim thought to herself, "I am going to die." *Id*. The attack only stopped when the victim's mother intervened.

Based on all that—the luring, the lying in wait, the strangulation, the statement telling her she was going to die—we find the evidence easily sustains the jury's conviction of Farrow on the charge of aggravated assault.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/18