J-S35018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMAR SHAREEF CRUMPLER | : | |
| | : | |
| Appellant | : | No. 1742 MDA 2017 |

Appeal from the Judgment of Sentence June 21, 2017
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0001043-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY PANELLA, J.:                **FILED NOVEMBER 02, 2018**

A jury convicted Lamar Crumpler of aggravated assault and associated crimes for throwing a plastic chair at a prison guard. Crumpler argues the evidence at trial was insufficient to support a finding that he attempted to cause bodily injury to the guard. Alternatively, he contends the verdicts were against the weight of the evidence. We affirm.

Crumpler first challenges the sufficiency of the evidence supporting his convictions for aggravated assault of an officer and simple assault. In considering this claim,

> [w]e examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

*Commonwealth v. Doughty*, 126 A.3d 951, 958 (Pa. 2015) (citation omitted). "A sufficiency challenge is a pure question of law." *Commonwealth v. Jacoby*, 170 A.3d 1065, 1076 (Pa. 2017). Our standard of review is *de novo* and our scope of review is plenary. *See id*.

Crumpler first challenges his conviction under 18 Pa.C.S.A. § 2702(a)(3): a prisoner attempting to cause bodily injury to an employee of his prison while the employee was performing his duty. Crumpler concedes that the victim, Officer Shawn Keebaugh, was an employee of the Franklin County Jail performing his duty when the incident at issue occurred. *See* Appellant's Brief, at 10. Thus, he challenges only the sufficiency of the evidence to support a finding that he attempted to cause bodily injury to Officer Keebaugh. *See id*.

To be sufficient to support a finding that Crumpler attempted to cause bodily injury to Officer Keebagh, the Commonwealth was required to prove two elements. *See* 18 Pa.C.S.A. § 901(a). First, the evidence must be capable of establishing Crumpler intended to cause impairment of Officer Keebaugh's physical condition or substantial pain to him. *See id*. (requiring defendant intend to commit a crime), and 18 Pa.C.S.A. § 2301 (defining bodily injury). And second, that Crumpler took a substantial step towards causing bodily injury to Officer Keebaugh. *See* § 901(a).

Officer Keebaugh testified he ordered prisoners to line up quietly to allow the prison nurse to distribute medication. *See* N.T., Jury Trial, 5/30/17, at 8.

For this process, all prisoners who were to receive medication would line up. **See id**. Prisoners who did not require medication were to report to their cells and be locked in. **See id**. Prisoners were required to stay silent to avoid medical errors. **See id.**

Crumpler and another prisoner were in the showers when Officer Keebaugh announced that medicine was to be distributed. **See id**., at 9. Officer Keebaugh exercised his discretion and allowed the two men to remain in the shower, so long as they remained quiet. **See id**., at 10-11.

At first, Crumpler complied with Keebaugh's directive to be quiet. **See id**., at 9. The other inmate finished his shower and returned to his cell. **See id**., at 11. Crumpler, however, remained in the shower and got progressively louder. **See id**., at 11-12.

Officer Keebaugh informed Crumpler that his failure to comply meant he had to return to his cell to be locked in. **See id**., at 12. Crumpler refused to leave the shower. **See id**. Crumpler's recalcitrance continued until after the prison nurse had finished distributing medication and left the unit. **See id**., at 11.

Officer Keebaugh approached Crumpler and informed him the shower was over. **See id**., at 13. Crumpler "[b]ecame belligerent." **Id**. He threatened to hit Officer Keebaugh with the shower door, and then kicked the door. **See id**., at 14. Officer Keebaugh dodged to the side to avoid the door, and it only

grazed him. *See id*. Officer Keebaugh believed Crumpler kicked the door hard enough that if it had hit him, it would have caused him injury. *See id*.

Officer Keebaugh ignored the provocation and escorted Crumpler back to his cell. *See id*., a 14-15. When they arrived at Crumpler's cell, Crumpler continued to walk past it. *See id*., at 15. Officer Keebaugh directed Crumpler to come back and enter his cell. *See id*.

Crumpler walked into his cell and set down the plastic chair holding his clothing. *See id*. Crumpler then "looked [Officer Keebaugh] square in the eye and told [him] he was going to F [him] up[.]" *Id*. Given the slowly escalating nature of the confrontation, Officer Keebaugh feared Crumpler would assault him. *See id*., at 15-16.

Officer Keebaugh reached for a can of pepper spray. *See id*., at 16. At the same time, Crumpler "grabbed his chair and threw it at [Officer Keebaugh] at full force." *See id*., at 17. Officer Keebaugh stepped forward and blocked the chair to his side with his arm. *See id*. He suffered a scratch and several marks on his arm. *See id*., at 17-18.

Crumpler testified that he dropped the chair in response to being sprayed in the eyes with pepper spray. *See id*., at 71. He denied throwing the chair at Officer Keebaugh. *See id*. However, Officer Keebaugh was adamant that Crumpler threw the chair at him and denied that it was merely dropped. *See id.,* at 45.

This evidence was sufficient to allow the jury to infer that Crumpler attempted to cause bodily injury to Officer Keebaugh. The jury was entitled to find Officer Keebaugh's testimony credible. Crumpler's threats and multiple attempts at striking Officer Keebaugh are sufficient to allow the jury to infer he intended to injure him. And throwing the chair at Officer Keebaugh was a substantial step in achieving that end.

Crumpler argues the chair used in this incident was akin to a pillow. **See** Appellant's Brief, at 22. And indeed, Officer Crumpler conceded it was a lightweight chair. However, the jury was entitled to conclude Crumpler *intended* to cause bodily injury, and that the chair could have caused it. Crumpler's first issue on appeal merits no relief.

In his second and final issue, Crumpler argues the verdicts were against the weight of the evidence. We do not review challenges to the weight of the evidence *de novo* on appeal. **See Commonwealth v. Rivera**, 983 A.2d 1211, 1225 (Pa. 2009). Rather, we only review the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. **See id**.

"[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's

verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." ***Commonwealth v. Davidson***, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

Crumpler highlights Officer Keebaugh's testimony that he sprayed before the chair was thrown, as well as the testimony of another inmate that corrobated Crumpler's testimony that he merely dropped the chair after getting sprayed in the eyes. Additionally, he reiterates his argument that the chair was too light to possibly cause any injury to Officer Keebaugh.

The trial court, in reviewing Crumpler's challenge, did not find its conscience shocked:

> Upon careful consideration of the record, the [c]ourt does not find any of the evidence presented by [Crumpler] in support of his weight claim so clearly greater [in] weight than the evidence presented supporting his convictions that failure to give it credence amounts to a denial of justice.

Trial court Opinion, 10/6/17, at 15. We cannot conclude this reasoning constitutes an abuse of the trial court's discretion. Crumpler's second issue on appeal merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2018

- 6 -