J-S54007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HUBERT W. WINGATE | : | |
| | : | |
| Appellant | : | No. 1358 WDA 2017 |

Appeal from the Judgment of Sentence April 13, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0006412-2015

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY PANELLA, J.:                **FILED NOVEMBER 09, 2018**

After a bench trial, the court found Hubert Wingate guilty of, among other crimes, the first-degree murder of Andre Gray. Wingate argues the evidence at trial was insufficient to establish he was the person who shot Gray in the head. After careful review, we affirm.

Wingate's challenge to the sufficiency of the evidence raises a pure question of law.  **See Commonwealth v. Jacoby**, 170 A.3d 1065, 1076 (Pa. 2017). We review the claim *de novo*, and review the entire record before us. **See id**.

We examine whether the evidence admitted at trial is capable of supporting a finding on every element of the offense at issue. **See Commonwealth v. Doughty**, 126 A.3d 951, 958 (Pa. 2015). We view the evidence in the light most favorable to the verdict winner, and draw all

reasonable inferences from it. *See id*. The Commonwealth's burden may be met solely through circumstantial evidence. *See id*. The finder of fact is entitled to believe all, some, or none of the evidence presented. *See Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008).

At trial, there was no dispute that Gray was murdered. The only factual dispute centered on who killed Gray. And this dispute was essentially binary: Raymond Schifino testified that Wingate admitted to shooting Gray, while Wingate's testimony strongly implied Schifino was the shooter.

Schifino testified Wingate texted him on the night of the murder, threatening to kill Gray. *See* N.T., Bench Trial, 1/9/17, at 33. Later that night, Wingate told Schifino he had killed Gray. *See id*. Wingate vaguely asked Schifino to help him in the morning. *See id*., at 34.

The next morning, Wingate picked up Schifino, driving Gray's car. *See id*. The pair drove to a different neighborhood and smoked marijuana until it got dark. *See id*., at 35. At some point after 10 p.m., Wingate drove to Gray's home. *See id*.

They entered the home through an open back door. *See id*. As they entered the living room, Schifino saw Gray lying dead on some cushions on the floor. *See id*. Wingate asked Schifino to help him clean up and dispose of Gray's body. *See id*., at 36.

They wrapped up Gray's body in sheets that they found under the body. *See id*. Wingate told Schifino to kill Gray's dog, and use the dog's blood to cover any of Gray's blood that remained. *See id*., at 36-37.

A noise spooked them, so they placed Gray's body in a garbage can to transport it outside. *See id*., at 37-38. They put Gray and his dog's body in the backseat of Gray's car. *See id*., at 38. They stole Gray's laptop computer, PlayStation console, and some of his clothing and placed them in the trunk of the car. *See id*. The two then disposed of Gray's body in a river near a friend's home. *See id*., at 40.

The trial court was entitled to credit this testimony. As a matter of law, it is sufficient to support a finding that Wingate committed the murder.

Wingate concedes that "as a general rule, a verdict may rest on the word of even one witness alone." Appellant's Brief, at 15. However, he argues that pursuant to *Commonwealth v. Karkaria*, 625 A.2d 1167, 1170 (Pa. 1993), Schifino's testimony is so unreliable that it cannot support a verdict as a matter of law.

Wingate calls our attention to Schifino's criminal history. He also correctly notes Schifino aggressively negotiated a reduced sentence in exchange for his testimony. Originally, the Commonwealth offered Schifino a sentence of 6 to 12 years in prison in exchange for his testimony, but Schifino rejected the offer. *See* N.T., Bench Trial, 1/9/17, at 64. Ultimately, Schifino

received a 2 to 6 year sentence for his involvement in disposing of Gray's body. *See id*., at 65.

Wingate further highlights how forensic evidence and other eyewitness testimony contradicted Schifino's testimony. For example, Schifino testified that Wingate shot Gray's corpse while it was floating in the river in an attempt to get it to sink. *See id*., at 59. Schifino believed Wingate shot the body four or five times. *See id*. However, Jimmie Smith, M.D., only testified to the existence of one bullet wound in Gray's body. *See id*., at 19-20.

When evidence at trial is "so unreliable and/or contradictory as to make any verdict based thereon pure conjecture," the evidence is insufficient to support the verdict as a matter of law. *Karkaria*, 625 A.2d at 1170 (citations omitted). The determination of whether evidence is so unreliable and contradictory to support a verdict is "fundamentally an individualized, case-by-case endeavor." *Commonwealth v. Brown*, 52 A.3d 1139, 1166 (Pa. 2012).

In *Karkaria*, our Supreme Court threw out a conviction where the victim testified the defendant had assaulted her at times when it was undisputed the defendant was not physically present. *See id*., at 1171. After reviewing the record, we conclude the circumstances pointed out by Wingate do not render the jury's verdict mere surmise or conjecture as they do not rise to the level of the inconsistencies present in *Karkaria*.

Certainly, Schifino was not the most credible witness to ever take the stand. But his testimony was not so unreliable as to be insufficient as a matter of law. Indeed, his testimony aligned well with other circumstantial evidence. For example, when Wingate was taken into custody on an unrelated warrant, he was found with the murder weapon in his pocket. ***See*** N.T., Bench Trial, 2/10/17, at 183, 218-219. Thus, Schifino's testimony was not wholly unreliable.

Under these circumstances, we conclude the evidence was sufficient, as a matter of law, to identify Wingate as the perpetrator. Since this is the only issue raised by Wingate on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/2018