J-S64024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
WILLIAM LEE CLEMMER   :
  :
Appellant   :   No. 556 WDA 2019

Appeal from the Judgment of Sentence Entered March 14, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001600-2018

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:            **FILED MAY 1, 2020**

William Lee Clemmer appeals from the judgment of sentence, entered in the Court of Common Pleas of Fayette County, following his conviction for persons not to possess a firearm[1] and firearms not to be carried without a license.[2]  After careful review, we affirm.

On March 12, 2016, Officer Alexis Metros pulled over a vehicle driven by Clemmer.  As he approached Clemmer, Officer Metros saw a rifle in plain view inside the vehicle.  Officer Metros questioned Clemmer and Clemmer confirmed that he possessed a rifle.  Officer Metros took possession of the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105.

[2] 18 Pa.C.S.A. § 6106.

firearm, a Ranger/Marlin bolt-action rifle, which was loaded and functional. Clemmer was subsequently charged with the above offenses.

During Clemmer's non-jury trial on March 8, 2019, both parties stipulated[3] that on January 31, 2005, Clemmer had been convicted of two counts of receiving stolen property (RSP).[4] N.T. Non-Jury Trial, 3/8/19, at 5-6. The Honorable Gerald R. Solomon found Clemmer guilty of all charges and, on March 14, 2019, sentenced him to 30 to 60 months' incarceration for persons not to possess a firearm and imposed no further penalty for firearms not to be carried without a license. This timely appeal follows.

Clemmer has raised a single issue for our review: "Whether the evidence was legally and factually sufficient to prove that [Clemmer] was a member of the class of persons not to possess a firearm." Appellant's Brief, at 4.

In analyzing a sufficiency claim, we examine whether the evidence admitted at trial is capable of supporting a finding beyond a reasonable doubt on every element of the offense at issue. *See Commonwealth v. Doughty*, 126 A.3d 951, 958 (Pa. 2015). In doing so, we view the evidence in the light

---

[3] The trial court opinion incorrectly states that the parties agreed that Clemmer was convicted of only one count of RSP on January 31, 2005. *See* Trial Court Opinion, 5/30/19, at 2. In fact, the stipulation at trial was that Clemmer had two separate RSP convictions on that date. *See* N.T. Non-Jury Trial, 3/8/19, at 5-6.

[4] 18 Pa.C.S.A. § 3925.

most favorable to the verdict winner, drawing all reasonable inferences in the verdict winner's favor. **_See id._**

Clemmer was convicted of persons not to possess a firearm. Section 6105 defines that offense as follows:

**(a) Offenses defined**

(1) A person who has been convicted of an offense enumerated in subsection (b) [(Enumerated offenses.)], within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) [(Other persons.)] shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, sell, transfer or manufacture a firearm in this Commonwealth.

\* \* \*

**(b) Enumerated offenses** . . .

Section 3925 (relating to [RSP]) upon conviction of the second felony offense.

18 Pa.C.S.A. § 6105. Thus, in order to find Clemmer guilty under section 6105, the Commonwealth must prove that Clemmer possessed a firearm and that he had been convicted of the requisite number of enumerated offenses at the time of possession.

Clemmer does not dispute that he possessed a firearm at the time he was stopped by Officer Metros. His sole contention on appeal is that he is not within the class of people prohibited from possessing a firearm as defined in section 6105(b). Appellant's Brief, at 7. Specifically, Clemmer argues that because he was previously only convicted of one felony count of RSP and one

felony count of theft by unlawful taking, there was no second conviction of either crime as required by section 6105(b). *Id.* at 8.

Viewing the record in the light most favorable to the Commonwealth, as verdict winner, the record reveals that the Commonwealth and Clemmer entered into several stipulations at trial. One of those stipulations was agreed to as follows:

> [Commonwealth Attorney]: We would also provide testimony to the [c]ourt that on or about January 31, 20[0]5, this [d]efendant was found guilty of [c]onspiracy to [e]ngage in [t]heft [b]y [u]nlawful [t]aking, a [f]elony of the [t]hird [d]egree. On that same exact date, this [d]efendant was also found guilty of *[r]eceiving [s]tolen [p]roperty*, a [f]elony of the [t]hird [d]egree. Do you need the offense numbers, Your Honor, the [s]tatute?
>
> The Court: Not if they are stipulating.
>
> [Commonwealth Attorney]: Okay. And on the same date and time, he was also found guilty of [e]ngaging in *[r]eceiving [s]tolen [p]roperty*, a [f]elony of the [t]hird [d]egree.
>
> The Court: So three [f]elonies of the [t]hird [d]egree?
>
> [Commonwealth Attorney]: Correct, Your Honor. []
>
> * * *
>
> [Commonwealth Attorney]: And I believe they are stipulating to those facts.
>
> Mr. Clark [(Clemmer's attorney)]: We would so stipulate, Your Honor.

N.T. Non-Jury Trial, 3/8/19, at 5-6 (emphasis added).

Here, Clemmer indisputably possessed the rifle at the time of the current offenses. *See Commonwealth v. Cruz*, 21 A.3d 1247, 1253 (Pa. Super. 2011) (finding defendant had constructive possession when firearm found in

glove compartment and defendant only person in vehicle).  Also, Clemmer agreed to the above stipulation, that he had *two prior convictions of RSP* on January 31, 2005.  "A stipulation is a declaration that the fact agreed upon is proven, and a valid stipulation will be enforced according to its terms." **Commonwealth v. Mitchell**, 902 A.2d 430, 460 (Pa. 2006) (brackets omitted; quoting **Commonwealth v. Rizzuto**, 777 A.2d 1069, 1088 (Pa. 2001).  Thus, the Commonwealth proved each element of persons not to possess a firearm beyond a reasonable doubt.  **See Doughty**, **supra**; 18 Pa.C.S.A. § 6105.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2020