J-S26042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                        :           PENNSYLVANIA
                                          :

            v.                       :
                                          :

ERIC FRAZIER                      :
                                        :
          Appellant           :    No. 2055 EDA 2017

Appeal from the Judgment of Sentence May 22, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001371-2016

BEFORE:   BENDER, P.J.E., BOWES, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:             **FILED JUNE 12, 2018**

Appellant Eric Frazier appeals from the judgment of sentence entered by the Court of Common Pleas of Delaware County after a jury convicted Appellant of three counts of Intimidation of a Witness/Victim.[1] Appellant raises a challenge to the sufficiency of the evidence supporting his convictions. After careful review, we affirm.

The trial court summarized the factual background of this case as follows:

> In June 2015, [A.H. ("the victim")] reported to the Upper Darby Police Department that she had been sexually assaulted by Appellant.[FN2] [The victim] and Appellant had known each other for approximately fourteen years at the time of the alleged assault[s] and had a son together, but their relationship had

---

[1] 18 Pa.C.S.A. §§ 4952(a)(3) (Intimidation of Witness/Victim: Withhold Testimony); 4952(a)(5) (Intimidation of Witness/Victim: Elude/Evade/Ignore Request to Appear); 4952(a)(6) (Intimidation of a Witness/Victim: Absence from Legal Proceedings).

---

\*   Former Justice specially assigned to the Superior Court.

ended when their son was about one year old. After the alleged assault, [the victim] immediately sought a Protection from Abuse order against Appellant. The order indicated that Appellant was to have no contact with [the victim], either directly or indirectly.

> [FN2: For purposes of the instant case, the parties stipulated that Appellant had been charged with Rape, 18 Pa.C.S.A. § 3121, but that trial was pending at the time of the instant trial. The jury was instructed that Appellant had been charged with three separate sexual assaults of the victim, but was directed not to consider the underlying case.]

The Protection from Abuse order was served upon Appellant by Detective Leo Hanshaw of the Upper Darby Police Department in June of 2015. Detective Hanshaw testified that, under Protection from Abuse orders, the named party is to have no contact whatsoever with the victim. It is standard practice for the serving officer to review the order and explain to the named party at the time of service the terms of the order being presented. The purpose, as explained by Detective H[a]nshaw, is to ensure that the named party is aware he or she was served and so he or she understands what is expected under the order.

On September 29, 2015, [the victim] appeared at the District Court in Secane, Pennsylvania, to testify in a preliminary hearing regarding the sexual assault charges. Subsequently, in January of 2016, [the victim] received mail from Appellant. The envelope's return address was under the name "Yakiy Jones," which [the victim] identified as an alias used by Appellant. The envelope contained a hand-written letter from Appellant and a certificate of completion of an anger-management course, awarded in Appellant's name.

When [the victim] received the letter and read it, she became afraid because of the previous assault[s]. She contacted the police to inform them of the letter; she then went to the police station. The Commonwealth also elicited testimony from [the victim] that she had become so frightened by the letter and the contact in breach of the Protection from Abuse order that she moved.

The letter was admitted into evidence, published to the jury, and then read aloud by [the victim]. The letter contained, in part,

remarks that Appellant was a changed man, that by testifying against him, [the victim] would cause him to miss ten to twenty years with his children, and that she did not have to testify. The letter also offered excuses for Appellant's actions, including stress and "hard times," and suggested ways in which [the victim] could make the sexual assault case disappear. Specifically, Appellant begged her to drop the charges, then explained to her that no one can force her to talk if she did not want to, and that there would be nothing the courts could do if she refused to testify.

Trial Court Opinion (T.C.O.), 8/1/17, at 1-3 (internal citations omitted).

After the conclusion of the trial, the jury convicted Appellant of all three counts of Intimidation of a Witness/Victim. The trial court subsequently sentenced Appellant to an aggregate term of five to ten years' imprisonment to be followed by four years' probation. Appellant filed a timely notice of appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises one issue for our review on appeal:

Did the Commonwealth fail to prove beyond a reasonable doubt that [Appellant] committed three Offenses of Witness Intimidation by acting with the intent or knowledge to intimidate any witness or victim?

Appellant's Brief, at 5.

Our standard of review for reviewing challenges to the sufficiency of the evidence is as follows:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as

- 3 -

a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

***Commonwealth v. Widmer***, 560 Pa. 308, 744 A.2d 745, 751 (2000) (internal citations omitted).

Furthermore, the trier of fact, in this case the trial court, is free to believe, all, part, or none of the evidence presented when making credibility determinations. ***Commonwealth v. Beasley***, 138 A.3d 39, 45 (Pa.Super. 2016). In deciding a sufficiency of the evidence claim, this court may not reweigh the evidence and substitute our judgment for that of the fact-finder. ***Commonwealth v. Williams***, 153 A.3d 372, 375 (Pa.Super. 2016).

***Commonwealth v. McClellan***, 178 A.3d 874, 878 (Pa.Super. 2018).

Appellant challenges the sufficiency of the evidence supporting his three convictions for Intimidation of a Witness/Victim under Section 4952 of the Crimes Code, which provides in relevant part:

**(a) Offense defined.--**A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:
***
(3) Withhold any testimony, information, document or thing relating to the commission of a crime from any law enforcement officer, prosecuting official or judge.
***
(5) Elude, evade or ignore any request to appear or legal process summoning him to appear to testify or supply evidence.

(6) Absent himself from any proceeding or investigation to which he has been legally summoned.

18 Pa.C.S.A. § 4952(a).

- 4 -

Appellant limits his sufficiency challenge to argue that he did not intend to intimidate or attempt to intimidate the victim by sending her a letter asking her to withhold testimony on the charges that he had previously sexually assaulted her on three occasions. Appellant argues that he never made any threats of harm towards the victim but merely asked her not to continue to cooperate with the prosecution of the sex assault charges.

In a similar case, **Commonwealth v. Doughty**, 633 Pa. 539, 126 A.3d 951 (2015), the appellant similarly argued that he could not be convicted under Section 4952, alleging that the Commonwealth had not proven the element of intimidation. Specifically, the appellant was previously charged with simple assault and harassment for acting violently towards his wife. Thereafter, the appellant contacted his wife from prison and insisted that his wife refuse to testify and recant her allegations as a conviction would cause him to "go to jail for two years, starve, and lose everything." **Id**. at 541, 126 A.3d 952. The appellant also offered to pay his wife's fines if she was charged with making false statements.

In upholding the appellant's convictions, the Supreme Court emphasized in **Doughty** that an individual may purposefully intimidate another person without manifesting bullying or fearsome words as "intimidation may be accomplished with no words at all, for a mere look or posture can bully, threaten, coerce, frighten, or intimidate beyond question." **Doughty**, 633 Pa. at 549–50, 126 A.3d at 957. The Supreme Court refused to "interpret the cold record of appellant's words as demonstrating mere pleading and begging,

[as] our standard of review requires us to view the evidence in the light most favorable to the Commonwealth." *Id.* at 551, 126 A.3d at 958. Given the appellant's prior history of threatening his wife and the prior contact between the parties, the Supreme Court found there was sufficient evidence to support the jury's inference that the appellant attempted to intimidate his spouse.

Similarly, we are not persuaded by Appellant's argument that he did not intimidate the victim simply because he did not expressly threaten to harm her if she testified against him. In **Commonwealth v. Lynch**, 72 A.3d 706 (Pa.Super. 2013) (*en banc*), this Court made the following observation about intimidation in the context of an abusive relationship:

> there may be instances where a plea for compassion and forgiveness by a physically abusive companion, partner, or other relation may appear pitiful and even prove unsuccessful in the end, but was, given the dynamics of the relationship at hand, reasonably calculated by the actor to deliver the kind of veiled threat that has bent the witness to his will in the past.

*Id*. at 710. In **Lynch**, the appellant brutally beat the mother of his children and then subsequently contacted her from prison and asked her not to testify. We recognize that the **Lynch** court did not ultimately determine whether the appellant's plea for compassion towards his abused partner alone qualified as intimidation as it concluded there was additional proof of intimidation through his communication of a clear offer of a pecuniary benefit. Nevertheless, we find the aforementioned rationale to be applicable in this case.

In this case, Appellant was previously charged with multiple counts of sexual assault of the victim, who is the mother of Appellant's son. Despite

the fact that Appellant was prohibited by a PFA order and the conditions of his bail for the sexual assault charges from having any contact with the victim, Appellant sent a letter to the victim, asking her not to testify against him. Appellant stressed to the victim that he was facing ten to twenty years' imprisonment if convicted, asked the victim if she wanted him to miss that much time away from his children and his ailing mother, and suggested that she was the cause of his possible incarceration.

Appellant asserted that this term of imprisonment "won't change anything, but it would hurt my kids because I need to be there for them!" Exhibit C-6, at 1. Appellant acknowledged that the victim was in a vulnerable and fearful state, but assured her that she "should not have to fear" him. *Id*. However, the victim testified that the letter made her so fearful that she moved from her residence after receiving it.

Given the prior contact between the parties which included the victim's filing of sexual assault charges and a PFA against Appellant, we find that there was sufficient evidence for the jury to conclude that Appellant's behavior was reasonably calculated to intimidate the victim into refusing to testify against Appellant. While Appellant suggests that this Court construe his letter as a mere apology, we must review the evidence in the light most favorable to the Commonwealth as the verdict winner. *See Doughty*, *supra*. Accordingly, we conclude there was sufficient evidence to support the jury's verdict convicting Appellant of three counts of Intimidation of a Witness/Victim.

Judgment of sentence affirmed.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/12/18</u>