J-S35019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW POORE | : | |
| | : | |
| Appellant | : | No. 1682 MDA 2017 |

Appeal from the Judgment of Sentence September 27, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0003966-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW POORE | : | |
| | : | |
| Appellant | : | No. 1683 MDA 2017 |

Appeal from the Judgment of Sentence September 27, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001127-2016

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY PANELLA, J.          **FILED: JANUARY 18, 2019**

After a bench trial, the court found Matthew Poore guilty of two counts, at two separate docket numbers, of defiant trespass. These charges arose from allegations he repeatedly entered his parents' home after they instructed him he was not welcome there. He challenges the sufficiency and the weight of the evidence supporting the verdicts.  Additionally, his court-appointed

attorney, Catherine J. Nadirov, Esquire, seeks permission from this Court to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm and grant counsel's petition to withdraw at both docket numbers.

Prior to addressing the merits of Poore's requested appeal, we must examine Attorney Nadirov's request to withdraw. Attorney Nadirov has substantially complied with the mandated procedure for withdrawing as counsel. **See Santiago**, 978 A.2d at 361 (articulating **Anders** requirements); **Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Poore did not file a response.

As counsel has met her technical obligation to withdraw, we must now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015) (citation omitted).

Counsel has identified two issues Poore believes entitle him to relief.[1] First, Poore believes the evidence at trial was insufficient to sustain his

---

[1] As discussed more fully below, Poore wishes to challenge the sufficiency and the weight of the evidence to support his convictions. Attorney Nadirov combines both issues into a single argument in her **Anders** brief. These issues

convictions. Poore's challenge to the sufficiency of the evidence raises a pure question of law. *See Commonwealth v. Jacoby*, 170 A.3d 1065, 1076 (Pa. 2017). We review the claim *de novo*, and review the entire record before us. *See id*.

We examine whether the evidence admitted at trial is capable of supporting a finding on every element of the offense at issue. *See Commonwealth v. Doughty*, 126 A.3d 951, 958 (Pa. 2015). In doing so, we view the evidence in the light most favorable to the verdict winner, drawing all reasonable inferences in the verdict winner's favor. *See id*.

The Commonwealth's burden may be met solely through circumstantial evidence. *See id*. The finder of fact is entitled to believe all, some, or none of the evidence presented. *See Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008).

A defendant is guilty of defiant trespass if the Commonwealth establishes he "enters or remains in any place" where he knows he has no right to be, after he has received actual notice that his presence would be considered a trespass. *See Commonwealth v. Wanner*, 158 A.3d 714, 718 (Pa. Super. 2017).

---

are distinct. In fact, a challenge to the weight of the evidence *concedes* the sufficiency of the evidence. *See Commonwealth v. Kinney*, 157 A.3d 968, 971 (Pa. 2017). Thus, the two arguments cannot be merged into one. Nonetheless, this misstep does not hamper our ability to review the issues in the context of an *Anders* brief, and we therefore proceed.

With respect to the conviction appealed at 1683 MDA 2017, the Commonwealth presented the testimony of two police officers and Poore's father, Richard. Officer Christian Lengel testified that he responded to a report of a domestic disturbance at Poore's parents' home on February 6, 2016. **See** N.T., Bench Trial, 9/27/17, at 16. Upon arriving he discovered Richard and Matthew in conflict. Richard informed the officer that Matthew would not leave the residence. **See id**., at 17. After Matthew refused to leave his parents' home, Officer Lengel arrested him. **See id**.

Officer Larry Kutz testified he was summoned to Poore's parents' residence shortly after midnight on March 3, 2016 to respond to an alarm. **See id**., at 5. Before arriving, dispatch notified him that Poore was in the home, and that Poore did not have permission to be there. **See id**.

When Officer Kutz arrived at the scene, Poore greeted him at the door. **See id**., at 6. Officer Kutz recognized Poore, as he had been summoned to Poore's parents' home on other occasions. **See id**. He knew from the previous incident that Poore was not permitted to be in his parents' home. **See id**., at 7. Officer Kutz escorted Poore off the property. **See id**., at 7-8.

Later that afternoon, Officer Kutz was able to contact Poore's father. **See id**., at 8. Richard, who had been in Florida, came to the police station and provided a written statement indicating that Poore was not permitted in his parents' home. **See id**., at 8-9, 13.

Finally, Richard Poore testified he had informed Matthew he was not allowed in his parents' home without another family member present. **See id**., at 22. This was communicated directly to Poore prior to March 3, 2016.

Poore argues he was confused as to whether he had permission to be on the property, due to the on-again/off-again nature of his relationship with his parents. However, the court, sitting as fact-finder, was entitled to infer Poore knew he was not privileged to be in his parents' home while they were in Florida. We agree with counsel that this issue is frivolous.

Turning to Poore's challenge to the weight of the evidence in 1683 MDA 2017, he believes the Commonwealth's witnesses were not credible. However, Poore failed to preserve this claim by raising it at sentencing or in a post-sentence motion. **See** Pa.R.Crim.P. 607(A)(1)-(3) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial court in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion.") Therefore, because Johnson has waived this claim, we agree with Counsel's conclusion that it is frivolous. **See**, **e.g.**, **Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (observing that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Thus, we affirm the judgment of sentence at 1683 MDA 2017, and grant counsel's petition to withdraw in that matter.

We reach a similar conclusion in the appeal at 1682 MDA 2017. There, Officer Michael Wiley testified he responded to a report of domestic violence at Poore's parents' house on August 24, 2016. *See* N.T., Bench Trial, 9/27/17, at 3. Upon arriving at the home, he observed Poore standing in the driveway. *See id*., at 5. Officer Wiley heard Poore's mother indicate Poore was no longer welcome on her property. *See id*., at 7. He therefore escorted Poore to the edge of the property and instructed him to leave. *See id*., at 8.

Poore ignored Officer Wiley's command, and walked towards his mother in her driveway. *See id*. Officer Wiley again escorted Poore to the end of the driveway and told him to leave the property. *See id*. Poore again ignored Officer Wiley and walked towards his mother in her driveway. *See id*. At this point, Officer Wiley arrested Poore for defiant trespass. *See id*.

We need not even consider Poore's mother's testimony that she had previously instructed Poore to stay away from her home, *see id*., at 13, to conclude the evidence was legally sufficient to support his conviction for defiant trespass. Poore's failure to heed Officer Wiley's instructions establishes all necessary elements of the crime.

Poore's challenge to the weight of the evidence supporting this verdict is waived for the same reason the weight challenge is waived in 1683 MDA 2017: he failed to preserve the issue in a post-sentence motion.

After examining the issues contained in the ***Anders*** brief and undertaking an independent review of the record, we concur with counsel's

assessment that the appeal is wholly frivolous. Accordingly, we affirm Poore's judgment of sentence.

Judgment of sentence affirmed at 1682 MDA 2017. Judgment of sentence affirmed at 1683 MDA 2017. Permission to withdraw as counsel granted at both docket numbers.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/18/2019